UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TRAVIS CARTER, | |
| Plaintiff, | No. 20 C 1684 |
| v. | Judge Thomas M. Durkin |
| THE CITY OF CHICAGO and MICHAEL WROBEL, | |
| Defendants. | |

MEMORANDUM OPINION AND ORDER

Travis Carter was convicted of being a felon in possession of a gun based on evidence discovered due to an incriminating statement he made while in custody. After spending five years in jail, Carter's conviction was overturned on appeal because his statement was taken in violation of *Miranda*. He alleges that the *Miranda* violation caused his conviction and he seeks damages from the police officer who took his statement, Michael Wrobel, and indemnification from the City of Chicago, bringing claims for violation of the Fifth Amendment's privilege against self-incrimination and Fourteenth Amendment due process.[1] Defendants have moved to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). R. 19. That motion is denied in part and granted in part.

---

[1] Carter voluntarily dismissed his *Monell* and respondeat superior claims against the City. *See* R. 30; R. 31.

## Analysis

I. **Fifth Amendment**

    A. **Causation**

The *Miranda* exclusionary rule is not a constitutional right in and of itself. Rather, it is "a prophylactic measure to prevent violations of the right protected by the [Fifth Amendment's] Self-Incrimination Clause" by "admission into evidence in a criminal case of confessions obtained through coercive custodial questioning." *Chavez v. Martinez*, 538 U.S. 760, 772 (2003). In other words, a police officer's "failure to read *Miranda* warnings" does not violate "constitutional rights and cannot be grounds for a § 1983 action." *Id.* A constitutional violation occurs only when the statement collected in violation of *Miranda* is introduced at trial. *See id.* at 767.

Based on this authority, Wrobel argues that he cannot be liable for violating Carter's constitutional rights because the prosecutors, not Wrobel, made the decision to introduce Carter's statement at trial. *See* R. 19 at 12. This argument, however, runs contrary to well-established "elementary principles of legal causation." *Jones v. City of Chicago*, 856 F.2d 985, 993 (7th Cir. 1988). "In constitutional-tort cases as in other cases, [police officers are] responsible for the natural consequences of [their] actions." *Id.* "If police officers have been instrumental in the plaintiff's continued confinement or prosecution, they cannot escape liability by pointing to the decisions of prosecutors or grand jurors or magistrates to confine or prosecute him." *Id.* at 994. And the Seventh Circuit has found that a police officer's violation of *Miranda* can be understood to "cause" later use of the statement at trial, such that a plaintiff can state

2

a Section 1983 claim against the officer. *See Sornberger v. City of Knoxville, Illinois*, 434 F.3d 1006, 1027 (7th Cir. 2006) ("This use of [the plaintiff's] confession, if the confession is indeed found to have been elicited without *Miranda* warnings, allows a suit for damages under § 1983 [against the defendant police officers]."); *see also Johnson v. Winstead*, 900 F.3d 428, 434 (7th Cir. 2018), *cert. denied*, 139 S. Ct. 2776 and 139 S. Ct. 2777 (2019) (reversing dismissal of a Section 1983 claim against police officers based on a statement made without *Miranda* warnings that was introduced at trial).

Wrobel contends that subjecting him to liability for a constitutional violation that occurs only at trial unfairly exposes police officers to liability for decisions made by prosecutors. *See* R. 19 at 13. This argument ignores the fact that Wrobel personally made the decision to question Carter without reading him his rights. That action is sufficient to plausibly allege that Wrobel caused Carter's injury.

### B. Damages

Defendants argue that damages are not available for a failure to abide by *Miranda* where, as here, the ensuing statement was not also coerced. Their argument is based on an interpretation of the relevant Supreme Court case law endorsed by other Circuits. The Seventh Circuit, however, has indicated otherwise.

Specifically, in *Sornberger v. City of Knoxville*, the plaintiff alleged his statement was coerced and, like Carter, brought both a Fifth Amendment *Miranda*-based claim and a Fourteenth Amendment Due Process claim. 434 F.3d 1006. The court addressed the *Miranda*-based claim separately from the coercion allegation and

3

Due Process claim and held that the use at trial of a statement "found to have been elicited without *Miranda* warnings, allows a suit for damages under § 1983." *Id.* at 1027. More recently, in a case with no allegation of coercion, the Seventh Circuit reversed and remanded a district court decision that a *Miranda* claim was untimely. *See Johnson*, 900 F.3d at 434 ("It follows that a claim for violation of the Fifth Amendment right against compulsory self-incrimination is complete and accrues when an accused's unlawfully obtained inculpatory statement—whether coerced or obtained without *Miranda* warnings—is introduced as evidence at trial to convict him of a criminal offense."). Although *Johnson* was concerned with timeliness and did not directly address whether a *Miranda*-based claim without allegation of coercion is actionable, this year, the Seventh Circuit noted that "*Johnson* contemplates [damages] arising from incarceration for the actual Fifth Amendment violation of admitting the [un-*Mirandized*] statements at trial to secure a criminal conviction." *Martin v. Marinez*, 934 F.3d 594, 600 n.2 (7th Cir. 2019), *cert. denied*, 140 S. Ct. 1115 (2020). And notably on remand, Judge Feinerman reviewed the relevant case law and found that a coercion allegation was not required to state a claim. *See Johnson v. Winstead*, 447 F. Supp. 3d 715, 719-20 (N.D. Ill. 2019). This Court agrees and rejects Defendants' argument that damages are not available for Carter's claim. Furthermore, the Court rejects Defendants' qualified immunity argument because the *Miranda* privilege is clearly established.

4

## II. Fourteenth Amendment Due Process

Carter also brings a Due Process claim. There is a "Fourteenth Amendment substantive due process right to be free from coercive questioning." *Sornberger*, 434 F.3d at 1024. But Carter does not allege that his statement was coerced; only that he was questioned in custody without having been read his *Miranda* rights. As discussed, these allegations state a claim under the Fifth Amendment. The Supreme Court has explained that "[w]here a particular Amendment provides an explicit textual source of constitutional protection against a particular sort of government behavior, that Amendment, not the more generalized notion of 'substantive due process,' must be the guide for analyzing these claims." *Albright v. Oliver*, 510 U.S. 266, 273 (1994). Therefore, Carter's Due Process claim is dismissed.

## Conclusion

Two last points to address. First, Defendants' argue that Carter's indemnification claim should be dismissed if the claims against Wrobel are dismissed. Because the claims against Wrobel will proceed, so will the indemnification claim. And second, Defendants' statute of limitations defense is rejected because they concede it is foreclosed by *Johnson v. Winstead*, 900 F.3d 428 (7th Cir. 2018), and they only seek to preserve it for appeal. *See* R. 19 at 15.

5

Therefore, Defendants' motion to dismiss [19] is denied in that Carter's Fifth Amendment claim will proceed and granted in that his Due Process claim is dismissed. A status hearing is set for December 21, 2020 at 9 a.m. The parties should meet and confer regarding a discovery schedule in advance of the status hearing.

ENTERED:

_____

Honorable Thomas M. Durkin
United States District Judge

Dated: December 7, 2020